# EXHIBIT A

Mia Farber (SBN 131467)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
farberm@jacksonlewis.com

Kristen N. Silverman-Hunter (SBN 279842)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
kristen.silverman-hunter@jacksonlewis.com

Attorneys for Defendant
CUMMINS PACIFIC, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION

**'18 CV0083 LAB JLB**

| | |
|---|---|
| JUAN TOWLE, on behalf of himself and all other aggrieved non-exempt employees,<br><br>Plaintiff,<br><br>vs.<br><br>CUMMINS PACIFIC, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 37-2017-00046260-CU-OE-CTL<br><br>[Assigned for all purposes to the Hon. John S. Meyer, Department C-61]<br><br>**CLASS ACTION**<br><br>**DEFENDANT CUMMINS PACIFIC, LLC'S ANSWER TO PLAINTIFF JUAN TOWLE'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>**IMAGED FILE**<br><br>Complaint Filed: December 4, 2017<br>Trial Date: Not Set |

Defendant CUMMINS PACIFIC, LLC ("Defendant") on behalf of itself and for no other defendant, hereby responds to the unverified Class Action Complaint for Damages ("Complaint") filed by Plaintiff JUAN TOWLE ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation and cause of action in Plaintiff's Complaint; denies

1

DEFENDANT CUMMINS PACIFIC, LLC'S ANSWER TO
PLAINTIFF JUAN TOWLE'S UNVERIFIED CLASS ACTION COMPLAINT

that Plaintiff and putative class members were injured or damaged in the amount or manner alleged, or otherwise; and further denies that Plaintiff and putative class members are entitled to the relief claimed, or to any relief, upon the grounds alleged, or otherwise.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

2. The Complaint as a whole, and each purported cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 340, 338, 339, and 340; and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
**(Equitable Doctrines)**

3. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
**(Laches and Unreasonable Delay)**

4. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred to the extent that Plaintiff was or putative class members were guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

///

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Compliance with Labor Code)

5. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred and/or recovery is precluded because Defendant did not knowingly, intentionally, or willfully fail to comply with all applicable provisions of California's Labor Code, but rather acted in good faith and had reasonable grounds for believing they did not violate the relevant provisions.

## SIXTH AFFIRMATIVE DEFENSE

### (Preemption)

6. To the extent putative class members are covered by a collective bargaining agreement, any recovery on the Complaint, or any purported cause of action therein, is barred and preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185(a), the National Relations Act, 29 U.S.C. Section 151, et seq., and Labor Code section 514.

## SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

7. Any recovery on the Complaint, or any purported cause of action therein, is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including but not limited to, unpaid wages, meal and rest period issues, and reimbursement issues. Plaintiff and/or putative class members unreasonably failed to utilize Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff and/or putative class members allegedly suffered. As such, Plaintiff and/or putative class members are barred from recovering any damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Legally Cognizable Injury)

8. Defendant alleges that, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with accurate itemized statements of wages and deductions, Plaintiff and putative class members are not entitled to recover damages because they did not suffer any legally cognizable injury as a result of any allegedly improper wage statements.

///

## NINTH AFFIRMATIVE DEFENSE

### (No Knowing and Intentional Failure)

9. Defendant alleges that, even assuming *arguendo* that Plaintiff and/or putative class members were not provided with accurate itemized statements of wages and deductions, they are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code section 226 was not a "knowing and intentional failure."

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State Claims for Penalties)

10. Defendant alleges that, to the extent that Plaintiff and putative class members seek to recover waiting time and other statutory penalties, Plaintiff and putative class members have failed to state a claim for such penalties because, even assuming *arguendo* that Plaintiff is and putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or putative class members and they never made a demand for such additional compensation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

11. Defendant alleges that Plaintiff's claims for penalties are barred to the extent there is no private right of action under California Labor Code sections 204, 226, 510, 1197.1 and 1198.

## TWELFTH AFFIRMATIVE DEFENSE

### (Expenses Not Necessary or Reasonable)

12. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, and/or recovery is precluded to the extent that, Plaintiff and/or putative class members seek reimbursement of expenses that were neither necessary nor reasonable in the fulfillment of employment duties.

///
///
///
///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set Off and Recoupment)

13. Defendant is entitled to set-off and recoupment of amounts Plaintiff and/or any putative class member owes for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Must be Reduced by Amounts Received)

14. Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff and/or putative class members, such damages must be reduced by amounts received or receivable by Plaintiff and/or any putative class member in the exercise of reasonable diligence as income or in lieu of earned income or in satisfaction of any liability owed by or on behalf of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Performed, Satisfied, and/or Discharged)

15. The Complaint, and each purported cause of action alleged therein, is barred because any duty or obligation by Defendant to pay wages, whether contractual or otherwise, which Plaintiff claims are owed to him and/or any putative class member, has been fully performed, satisfied, and/or discharged.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Previously Adjudicated Claims)

16. The Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff and/or putative class members have previously pursued and adjudicated any claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver, Release, Accord, Satisfaction, Ratification & Novation)

17. The Complaint, and each purported cause of action alleged therein, is barred by the doctrines of waiver, release, accord, satisfaction, ratification and novation to the extent Plaintiff and/or putative class members received a settlement payment in connection another action in which releases

and waivers were effectuated. Such conduct bars Plaintiff and/or putative class members from any recovery herein under the doctrines of waiver, release, accord, satisfaction, ratification and novation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

18. Plaintiff and putative class members are barred from recovering any damages, or any recovery must be reduced, by virtue of the failure of Plaintiff and any putative class member to exercise reasonable diligence to mitigate alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Failure to Use Ordinary Care)**

19. Any recovery on the Complaint, or any purported cause of action therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff and putative class members failed to use ordinary care and diligence in the performance of duties and failed to comply substantially with the reasonable directions of Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

**(IWC is Invalid/Unenforceable)**

20. Defendant alleges that the claims alleged in the Complaint are barred because the operative Industrial Welfare Commission Wage Order that Plaintiff relies upon is invalid or unenforceable under applicable law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Authorized and Permitted to Take Rest Breaks)**

21. Even assuming *arguendo* that Plaintiff and putative class members were entitled to rest breaks, Plaintiff and putative class members are barred from asserting claims for missed rest breaks, and any additional claims derivative thereof, because they were authorized and permitted to take rest periods as required by the applicable Wage Order of the Industrial Welfare Commission.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**("Provided" Meal Periods)**

22. Even assuming *arguendo* that Plaintiff and putative class members were entitled to meal periods, they are barred from barred from asserting claims for missed meal breaks, and any additional

claims derivative thereof, to the extent they were "provided" a meal period within the meaning of the California Labor Code and/or they took an off-duty meal period of at least thirty (30) minutes duration at the appropriate times.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Paid All Wages)

23. Any recovery on the Complaint, or any purported cause of action therein, is barred because Plaintiff and putative class members have been timely provided all income, compensation, wages, penalties, and pay to which he is or they are entitled, at the appropriate rate of pay, and in the proper form.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

24. Defendant alleges that there exists a bona fide dispute as to whether any further compensation, penalties, or premiums are actually due to Plaintiff and/or putative class members and, if so, the amount thereof.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

25. The Complaint fails to state a claim for penalties under California Labor Code section 203 because there is a good-faith dispute as to Defendant's obligation to pay any wages that may be found to be due to Plaintiff or putative class members.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

26. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part by the contributory and/or comparative fault of Plaintiff or putative class member.

/ / /

/ / /

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (De Minimus)

27. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred to the extent Plaintiff or putative class members worked without compensation for periods of time *de minimus* in nature.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

28. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff or putative class members failed to exhaust administrative remedies under California Labor Code sections 98-98.2, 558, and 1197.1.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

29. The putative class members identified in the Complaint lack standing to be members of the class.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Violation of Due Process and Equal Protection Clauses)

30. Any finding of liability pursuant to California Business and Professions Code, section 17200, et seq., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Injury In Fact)

31. Plaintiff's cause of action under California Business and Professions Code sections 17200, *et seq.* is barred because Plaintiff and putative class members have suffered no injury-in-fact as a result of any alleged violation of California's Unfair Competition Law.

///

///

///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Equitable or Injunctive Relief)

32. Plaintiff's prayers for equitable or injunctive relief are barred because Plaintiff and putative class members suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff and the putative class members have adequate remedies at law for any such conduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Duplicative Prayers for Relief)

33. Plaintiff's claims for restitution under California Business and Professions Code sections 17200, *et seq.* are barred in their entirety to the extent they are duplicative of other prayers for relief contained in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing for Injunctive or Declaratory Relief)

34. Plaintiff's prayers for injunctive and/or declaratory relief are barred because Plaintiff lacks standing to seek prospective relief.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Monetary Damages Claims Barred)

35. Plaintiff's monetary damages claims under California Business and Professions Code sections 17200, *et seq.* are barred in their entirety by these very statutes and legal authority.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutional Recovery Sought)

36. Plaintiff's Complaint, and each purported cause of action therein, is barred to the extent recovery sought is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution, and the common law doctrine prohibiting double recovery.

///

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defendant Entitled to Attorneys' Fees and Costs)

37. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code section 218.5 and California Code of Civil Procedure section 1021.5 upon judgment in their favor.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Basis for Recovery of Attorney's Fees Against Defendant)

38. The Complaint, and each purported cause of action alleged therein, fail to state facts sufficient to constitute any cause of action attendant to which attorneys' fees and/or penalties would be recoverable against Defendant, and any claim for attorneys' fees and/or penalties is unrecoverable from Defendant due to the fact that there is no basis for such a recovery under any applicable statute.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Conflicts of Interest Exist)

39. Plaintiff cannot establish and maintain a class action because conflicts of interest exist among putative class members.

### FORTIETH AFFIRMATIVE DEFENSE

### (Claims Not Typical)

40. This case is not appropriate for class treatment because Plaintiff cannot demonstrate typicality, and neither can any member of the putative class.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Problem of Manageability)

41. Plaintiff cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in this Action.

/ / /

/ / /

/ / /

/ / /

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

42. The proposed representative, Plaintiff Juan Towle, is not an adequate representative of the alleged putative class members identified in the Complaint, as he is not similarly situated to said class members.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (Individual Questions Regarding Damages)

43. The existence of any alleged damages involve individual questions, making class treatment pursuant to California Code of Civil Procedure section 382 improper.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Superior Method)

44. This case is not appropriate for class treatment because speedier administrative remedies before the California Labor Commissioner and Labor Workforce Development Agency are available to Plaintiff and putative class members, and thus, class treatment is not the superior method for resolving Plaintiff's alleged claims.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Res Judicata / Collateral Estoppel)

45. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred under the doctrine of res judicata and/or collateral estoppel.

### RESERVATION OF RIGHTS

Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other affirmative defenses may exist. Defendant will rely upon any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing herein and be denied each and every demand and prayer for relief contained in the operative complaint;

2. That the operative complaint be dismissed in its entirety with prejudice, as to this answering Defendant;

3. For reasonable attorney's fees pursuant to California Labor Code section 218.5 and California Code of Civil Procedure section 1021.5;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: January 10, 2018

JACKSON LEWIS P.C.

By: _____
Mia Farber
Kristen N. Silverman-Hunter

Attorneys for Defendant
CUMMINS PACIFIC, LLC

4821-0294-6906, v. 2

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO | | COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Mia Farber (SBN 131467)<br>Kristen N. Silverman (SBN 279842)<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 2000<br>San Diego, California 92101<br>farberm@jacksonlewis.com; Kristen.silverman-hunter@jacksonlewis.com | Telephone No.<br>Tel: 619.573.4900<br>Fax: 619.573.4901 | |
| SHORT CASE TITLE<br>TOWLE v. CUMMINS PACIFIC, LLC | | ICJ: Hon. John S. Meyer<br>DEPT.: C-61 |
| ATTORNEYS FOR DEFENDANT<br>CUMMINS PACIFIC, LLC | | Case No.:<br>2017-00046260-CU-OE-CTL |

# PROOF OF SERVICE

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action. My business address is 225 Broadway, Suite 2000, San Diego, California 92101.

On January 10, 2018, I served the following documents:

1. **DEFENDANT CUMMINS PACIFIC, LLC'S ANSWER TO PLAINTIFF JUAN TOWLE'S UNVERIFIED CLASS ACTION COMPLAINT**

as follows:

| | |
|---|---|
| **Counsel for Plaintiff**<br>Jeffrey L. Hogue<br>Tyler J. Belong<br>Erik A. Dos Santos<br>Hogue & Belong<br>170 Laurel Street<br>San Diego, CA 92101 | T: 619 – 238 – 4720<br>F: 619 – 270 – 9856<br>Email: jhogue@hoguebelonglaw.com<br>edossantos@hoguebelonglaw.com |

☐ by transmitting via facsimile or electronic notification the document(s) listed above to the fax number or electronic address set forth above on this date before 5:00 p.m.

☑ **BY U.S. MAIL.** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

☐ **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee on January 10, 2018, via First Legal Services, pursuant to Code of Civil Procedure §1011.

☐ **BY OVERNIGHT MAIL.** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 10, 2018

_Renee Runsat_ (signature)
Renee Runsat

4813-3860-5914, v. 1